## CIRCUIT COURT OF FAIRFAX COUNTY

London Towne Homeowners Assn.

    v.

Mary Rose Greene et al.

        Case No. (Chancery) 111060

London Towne Homeowners Assn.

    v.

Robert K. Thompson et al.

        Case No. (Chancery) 110259

London Towne Homeowners Assn.

    v.

David M. McGaha et al.

        Case No. (Chancery) 111059

July 17, 1989

By JUDGE THOMAS S. KENNY

This matter was before the Court on July 3, 1989, for argument on the plea in bar and demurrer by each of the defendants Thompson, Greene, and McGaha in their

respective cases, and the plea in bar and demurrer of defendant Alcorn in all three cases. The three cases were argued together, and the Court wishes to thank all counsel for their willingness to work together to present a set of complex issues in such a coherent and efficient manner.

Testimony of witnesses was taken, and exhibits were introduced into evidence, in support of and opposition to the pleas in bar, and oral arguments of counsel were heard in connection with the demurrers and pleas in bar. Memoranda of law were also received. Based on such evidence and argument, and my review of the applicable case law, I rule as follows:

1. The pleas in bar of the Defendants Thompson, Greene, and McGaha ("the Defendant Purchasers") are *sustained* on the claims of waiver, estoppel and laches. Plaintiff's failure to take appropriate action (such as the filing of a petition under § 55-176[1]) between the time of receiving actual notice of the escheat and the time of the auction sale constitutes, in my opinion, an unacceptable delay in exercising its rights, which delay has caused prejudice to the Defendant Purchasers. Furthermore, the Plaintiff's appearance at and participation in the bidding process constituted a waiver of any rights it might have had to challenge the escheat.

2. The pleas in bar of Defendant Alcorn, the Fairfax County escheator, ("the Defendant Escheator") are *sustained* on the grounds of waiver and estoppel, for the same reasons that were stated in paragraph 1 with respect to the Defendant Purchasers. I do not believe, however, that laches would apply to this Defendant, and therefore I *overrule* his pleas in bar with respect to laches.

3. The pleas in bar of Defendants Greene, McGaha, and Alcorn, and paragraph 5 of Defendant Thompson's demurrer, are *sustained* on the claim that Plaintiff's petition for redress under § 55-176 was not timely filed. A fair reading of that section and the remaining sections of Chapter 10 of Title 55 indicates that the term "sale" as used in § 55-176 refers to the time of auction, rather than the time of the grant or deed.

---

[1] All statutory references are to the 1950 Code of Virginia (as amended).

4. The pleas in bar of all Defendants are *overruled* as to their claim that the fifteen-year statute of limitations under § 8.01-236 has expired. If that statute is applicable, and I am not sure it is, it would have started to run no earlier than the escheat.

5. The pleas in bar of all Defendants are *overruled* as to their claim that the escheat process is *res judicata* as to Plaintiff.

6. Plaintiff's claim to ownership of the parcels which are the subject of this suit (Parcels A, P, and R), on the various theories of equitable title, constructive trust, and adverse possession, is subject to escheat; in other words, even if the Plaintiff established legal or equitable title in itself to these parcels, the escheat process, if successfully completed,[2] would cut off that title. Since the effect of the Court's rulings in paragraphs 1, 2, and 3 is to deny the Plaintiff's right to challenge the escheat process, Plaintiff's claims to Parcels A, P, and R are rendered moot. Accordingly, the demurrers of all Defendants to Counts I, II and III of the respective Bills of Complaint (including the Second Amended Bill of Complaint in the Thompson case) are *sustained* without leave to amend.

7. Count IV of the Bills of Complaint contains a request for a declaratory judgment that the parcels in question are restricted to use as open space and are not subject to development. Plaintiff claims that this restriction arises from the zoning ordinances applicable to the parcels at the time they were created by resubdivision and at the present time; by the alleged applicability of certain recorded covenants; and by the existence of (implied) negative reciprocal easements in favor of other properties within London Towne. Although the Bill could have been more artfully drafted to set it up as a declaratory judgment proceeding, I am of the opinion that it fairly apprises the Defendant Purchasers of the nature of the Plaintiff's claim, and that the existence of an actual dispute over the development or other use of this property

---

[2] See the discussion below on the process of determing whether the escheat was successfully completed.

may safely be assumed. Accordingly, the demurrers to Count IV by the Defendant Purchasers are *overruled*.

8. On the other hand, since the Defendant Escheator has no further interest in the parcels in question, he is not properly a party to the declaratory judgment action, and accordingly his demurrers to Count IV of the Bills of Complaint are *sustained*.

9. At the present time, Parcels A, P, and R are being used as common area by Plaintiff and its members, including uses for parking and access. There was no evidence brought forward at the hearing the Defendant Purchasers are doing anything, or planning to do anything, that will or may interfere with such use, or that would change the character of the parcels as open space (such as the removal of trees or erection of structures). Accordingly, the issuance of an injunction as requested by Plaintiff in Count VI of its Bills of Complaint is premature. I believe, however, that provision should be made for the management of these parcels until such time as their status is determined in the declaratory judgment proceeding, and I urge counsel to agree on the terms under which this can be done. I should think that such an agreement could address such issues as use of the parcels for parking and access; maintenance of parcels; payment of real estate taxes; use of the parcels for recreational purposes; and insurance. Obviously, if the Defendant Purchasers should take any action with respect to development of the parcels or that would impact on their existing use prior to the determination of the declaratory judgment, Defendant Purchasers would do so at their peril and Plaintiff shall have the right to renew its request for injunctive relief. The interests of all parties would be served if the Defendants would give Plaintiff at least ten days notice of their intention to take any such action, and Defendants are strongly urged, though not required, to do so.

It is the Court's intention by its rulings above to dismiss all of the Plaintiff's claims in its various Bills of Complaint, with the exception of the declaratory judgment counts against the Defendant Purchasers, without leave to amend. All counts against the Defendant Escheator are dismissed without leave to amend. The only issues to be tried are whether and to what extent any use restrictions apply to Parcels A, P, and R in the hands of the

Defendant Purchasers and their transferees, including easements for access and parking in favor of Plaintiff, its members, and their guests.

It is important to note that this Court is *not* ruling on whether the escheat of the parcels in question was proper in the first place, but only that Plaintiff may not challenge the validity of the escheat in this proceeding. It appears from § 55-200(A) that the State Treasurer must make at least the initial determination of the validity of the escheat, based on a submission to her within one hundred twenty days after the sale. There was testimony by the Escheator at the hearing of this case that the State Treasurer has deemed the matter to have been submitted to her for determination within such one hundred twenty day period, and it is under active consideration at this time. This Court does not presume to interfere with the Treasurer in the exercise of her statutory duty to determine whether the escheat was proper and whether the Purchasers are entitled to a refund of their purchase price.

It is further important to note that the Court's ruling has not considered and should not be construed as applying to whether or not the Plaintiff may be entitled to any part of the proceeds of the escheat sale under Section 55-200(C). Again, that determination is initially reserved to the State Treasurer and is not before this Court.